# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 10, 2012

## WILLIE PERRY, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-11-150    Roy B. Morgan, Jr., Judge**

—

**No. W2011-01818-CCA-R3-PC  - Filed July 11, 2012**

—

JEFFREY S. BIVINS, J., concurring.

I concur in the results reached in the majority opinion. Indeed, I join in the majority opinion on all but one issue. I write separately to address the issue of the appropriate standard of review by this Court on hearsay evidentiary issues. The majority applies an abuse of discretion standard of review to the hearsay issue in this case.

In State v. Gilley, 297 S.W.3d 739, 759-60 (Tenn. Crim. App. 2008), perm. app. denied (Tenn. 2009), this Court held that a de novo standard of review applied to our review of hearsay issues. The Tennessee Supreme Court appeared to question Gilley on this holding in Pylant v. State, 263 S.W.3d 854, 871 n. 26 (after noting the Gilley court's holding on this issue, opined that "this Court continues to believe that questions concerning the admissibility of evidence are reviewed under an abuse of discretion standard . . . ."). Yet, the Pylant court stopped short of overruling the Gilley holding on this issue. Instead, the court held that the post-conviction court in that case "committed error under either standard of review." Id.

Further complicating the issue is the fact that the Pylant decision was issued on September 25, 2008. The Gilley opinion from this Court only had been filed on August 13, 2008. Then, on February 17, 2009, even in light of Pylant, the supreme court denied permission to appeal in Gilley without restriction. After that action, Gilley subsequently became a reported decision. With regard to reported decisions, Rule 4(G)(2) of the Rules of the Supreme Court provides: "Opinions reported in the official reporter . . . shall be considered controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction."

Subsequent opinions from this Court have come to differing conclusions. Compare State v. George John Byrd, No. E2009-02091-CCA-R3-CD, 2010 WL 4622009 (Tenn. Crim. App. Nov. 15, 2010), perm. app. denied (Tenn. 2011) (applying abuse of discretion standard)

with State v. Brandon M. Cartwright, No. W2010-01253-CCA-R3-CD, 2011 WL 2410370 (Tenn. Crim. App. June 10, 2011), perm. app. denied (Tenn. 2011) (applying de novo standard of review); Tony A. Phipps v. State, No. E2008-01784-CCA-R3-PC, 2010 WL 3947496 (Tenn. Crim. App. Oct. 11, 2010) (applying de novo standard of review).

While I certainly recognize that our supreme court questioned Gilley in Pylant and may well overrule or modify Gilley at some point in the future, to date that has not occurred. Therefore, based upon my interpretation of Supreme Court Rule 4(G)(2), I am compelled to conclude that we are bound by Gilley "unless and until such opinion is reversed or modified by a court of competent jurisdiction." Accordingly, in the instant case, I would apply a de novo standard of review to the issue regarding the hearsay objection to the admissibility of the Kelley Blue Book values of the automobiles. Applying this standard of review, I would reach the same conclusion as the majority. I would hold that the challenged testimony involving the Kelley Blue Book values was admissible under the published compilations exception to the hearsay rule. See Tenn. R. Evid. 803(17). Therefore, the trial erred in excluding the evidence on hearsay grounds.

Finally, although I have departed from the majority on the standard of review on the hearsay issue, I want to make clear that I still join in the majority opinion's analysis of the admissibility of these values on grounds of relevance. Evidentiary issues involving the issuance of relevance are reviewed under an abuse of discretion standard. State v. DuBose, 953 S.W.2d 649, 653 (Tenn. 1997). I join in the holding that the trial court did not abuse its discretion in excluding the values on the grounds of relevance because the printouts offered were from more than a year after the thefts.

_____
JEFFREY S. BIVINS, JUDGE